IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 14, 2001

## STATE OF TENNESSEE v. THORSTEN JOHN BOGER

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 36977 & 40325     John H. Gasaway, III, Judge**

---

### No. M1999-02476-CCA-R3-CD - Filed April 4, 2001

---

Thorsten John Boger appeals from the sentencing decision of the Montgomery County Circuit Court following his guilty pleas to two counts of class B felony sale of cocaine. Boger was sentenced to nine years in the Department of Correction on each count, with the sentences to be served concurrently. On appeal, he argues that he should have received the minimum sentence of eight years. Finding no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and JOHN EVERETT WILLIAMS, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for the Appellant, Thorsten John Boger.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Angele M. Gregory, Assistant Attorney General, John Wesley Carney, Jr., District Attorney General, and C. Daniel Brollier, Jr., Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

On July 27, 1999, the Appellant, Thorsten John Boger, pled guilty to two counts of sale of cocaine, class B felonies, and was sentenced to concurrent nine year sentences on each count. On the date these offenses were committed, the Appellant was on probation as a result of his placement on judicial diversion. In October of 1996, the Appellant had been granted judicial diversion following his guilty pleas to the offenses of criminal trespass and class C aggravated assault. Adjudication of guilt was deferred for a period of three years. Following entry of his July 1999 guilty pleas for the sale of cocaine, the Appellant's diversion status was terminated. Accordingly, adjudication of guilt was entered for the past offenses of criminal trespass and aggravated assault and the Appellant received an effective three year sentence for the offenses. This three year sentence was ordered to be served consecutively to his nine year sentences for the sale of cocaine for an

effective sentence of twelve years. The Appellant does not appeal imposition of his sentences for aggravated assault and criminal trespass. Instead, he argues that he should have received the minimum sentence of eight years for each of his class B felony convictions. After review, we affirm the judgment of the Montgomery County Circuit Court.

**Standard of Review**

At the time of the sentencing hearing, the Appellant was twenty-six years of age and single. He is the father of four children and currently resides with his girlfriend. He dropped out of high school but did obtain a GED. His employment history is, at best, sporadic. He currently is employed with a roofing company. He pays child support to two of his four children and is currently in arrears in the sum of $9,000. His first encounters with the law began when he was a juvenile. His first adult conviction occurred when he was eighteen. His criminal history includes ten or eleven prior offenses, including the felony offense of aggravated assault and two prior misdemeanor drug offenses. The Appellant has been granted probation on five prior occasions, which obviously has proved unsuccessful.

The trial court found two enhancement factors: (1) the defendant has a previous history of criminal convictions in addition to those necessary to establish the appropriate range; and (2) the felony was committed while the defendant was on release status. *See* Tenn. Code Ann. § 40-35-114(1) & (13). The trial court also applied as a non enumerated factor that the defendant voluntarily entered a plea of guilty and has expressed remorse for his conduct. *See* Tenn. Code Ann. § 40-35-113(13). The Appellant does not contest the application of these enhancement and mitigating factors. Instead, the Appellant only argues that the trial court erred in ordering a sentence of nine years instead of the presumptive minimum sentence of eight years.

The weight to be afforded an existing factor is left to the trial court's discretion so long as the court complies with the purposes and principles of the 1989 Sentencing act and its findings are adequately supported by the record. State v. Boggs, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996). The weight to be afforded mitigating and enhancement factors derives from balancing relative degrees of culpability within the totality of the circumstances of the case involved. Boggs, 932 S.W.2d at 476; *See also* State v. Marshall, 870 S.W.2d 532, 541 (Tenn. Crim. App. 1993). The record clearly supports the trial court's decision to enhance the Appellant's sentence based on his prior criminal history and commission of a felony while on release status. Accordingly, we find the trial court's imposition of the nine-year sentences for the sale of cocaine to be clearly justified.

## CONCLUSION

Following a *de novo* review, we find the nine-year sentences imposed for the sale of cocaine to be appropriate in the present case. Accordingly, we affirm the judgment of the Montgomery County Circuit Court.

 

 

_____
DAVID G. HAYES, JUDGE